IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MONICA A. MARTINEZ,

        Plaintiff,

   v.

BANK OF AMERICA, NA, FNA;
BAC HOME LOAN SERVICING,
LP, a Texas limited
liability partnership;
NORTHWEST TRUSTEE SERVICES,
INC., a Washington
corporation; and JOHN DOE,
trustee;

        Defendants.

O R D E R
Case No. 6:12-cv-00702-AA

AIKEN, Chief Judge:

    Defendants Northwest Trustee Services, Inc. ("Northwest"), Bank of America, NA, FNA ("BOA"), and BAC Home Loan Servicing, LP ("BAC") move to dismiss plaintiff Monica Martinez's claims pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6); in support of their motion, BAC and BOA request judicial notice of certain publicly-filed documents. Plaintiff also moved to amend her complaint pursuant to Fed. R. Civ. P. 15(a). Plaintiff's motion is granted and defendants' motions are denied.

Page 1 - ORDER

## DISCUSSION

This case arises out of allegedly wrongful non-judicial foreclosure proceedings. On April 20, 2012, plaintiff filed a complaint in this Court. On May 28, 2012, Northwest moved to dismiss plaintiff's claims; on June 29, 2012, BAC and BOA also filed a motion to dismiss. On August 15, 2012, before briefing on BAC's and BOA's motion was complete, this Court signed a stipulated order, dismissing this case with prejudice, but with leave, upon good cause shown within sixty days, to have the order set aside and the action reinstated. On October 12, 2012, within the relevant time period, plaintiff moved to reopen this case due to failed settlement negotiations. On November 27, 2012, this Court granted plaintiff's motion, thereby reinstating this action.

On December 10, 2012, the parties stipulated to the dismissal, with prejudice, of Northwest; accordingly, BOA and BAC are the only remaining defendants at this stage in the proceedings. Also on December 10, 2012, plaintiff sought leave to file an amended complaint in order to delete Northwest as a defendant and to clarify her remaining allegations. BAC and BOA do not oppose plaintiff's motion. On December 11, 2012, BAC and BOA filed a reply to their motion to dismiss.

Therefore, because it is unopposed and, additionally, the Court finds that the proposed amendments are not futile, brought in bad faith, and would not cause prejudice or undue delay,

plaintiff's motion is granted. See Fed. R. Civ. P. 15(a); Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir. 1997) (citation omitted). As a result, however, defendants' motions to dismiss, and BAC's and BOA's motion for judicial notice, which only address the original complaint, are moot. See Western Oil & Gas Ass'n v. Sonoma Cnty., 905 F.2d 1287, 1290 (9th Cir. 1990) ("the mootness inquiry asks whether there is anything left for the court to do"); see also Honeycutt v. La-Mesa Counseling-DVTP, 2012 WL 5818130, *1-2 (S.D.Cal. Nov. 15, 2012) (motion to dismiss was moot where the plaintiff was granted leave to file an amended complaint).

## CONCLUSION

Plaintiff's motion to amend the complaint (doc. 41) is GRANTED. Accordingly, defendants' motions to dismiss (doc. 14, 24), as well as BOA's and BAC's request for judicial notice (doc. 26), are DENIED as moot. Within 20 days of the date of this order, plaintiff shall file an amended complaint, at which point BAC and BOA may again move for dismissal. Finally, defendants' requests for oral argument are DENIED as unnecessary.

IT IS SO ORDERED.

Dated this 12th day of December 2012.

_____
Ann Aiken
United States District Judge